**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEROME RIDGEWAY, | |
| Petitioner | CIVIL ACTION NO. 3:24-CV-01551 |
| v. | (MEHALCHICK, J.) |
| WARDEN OF FCI-SCHUYLKILL, | |
| Respondent. | |

**MEMORANDUM**

Jerome Ridgeway, an inmate confined at Federal Correctional Institution, Schuylkill ("FCI-Schuylkill"), has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). Because Ridgeway has failed to exhaust available administrative remedies and the petition indicates that exhaustion would not be futile, the Court will dismiss the petition without prejudice.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

A review of court records indicates that on May 18, 2012, in the Northern District of Georgia, Ridgeway pled guilty to possession of a substance containing cocaine base with intent to distribute (21 U.S.C. § 841(a)(1)) and was sentenced to 192 months imprisonment. *See USA v. Ridgeway*, No. 12-CR-0001-TCB (N. D. Ga. 2012).

Ridgeway's petition is difficult to parse, but he alleges that he is entitled to early release under the First Step Act because he has earned 650 days of time credit. However, his release has not been arranged, and he has received contradictory explanations from various personnel at FCI-Schuylkill. He alleges that a case manager, Prorambo, "put [him] in for [a] halfway house" in Atlanta, Georgia, but proceeded to give various reasons he could not be released.

These included waiting for "medical" to sign off, Prorambo "forgetting" to sign off, and "pending charges" against Ridgeway. A unit manager, Dewald, told Ridgeway that she was "waiting on Grand Prair[i]e[1]" for paperwork related to Ridgeway's completion of the RDAP drug treatment program. Another staff member, Egar, told Ridgeway that he had no pending charges and she was "working on getting [him his] release" but would not provide any other details.

Ridgeway concedes that he has not pursued administrative remedies. He argues it would be futile to do so based on the facts in his petition, because he "do[es] not have the time" to pursue the four-step administrative process.

II.  DISCUSSION

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The Bureau of Prisons has an internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and, ultimately, final appeal to the General Counsel. See 28 C.F.R. §§

---

[1] The Court infers that Ridgeway is referring to the BOP's Designation and Sentence Computation Center, located in Grand Prairie, Texas. See *Johnson v. Ebbert*, No. 3:14-CV-1218, 2017 WL 402056, at *1 (M.D. Pa. Jan. 30, 2017).

2

542.10-.19. Although there is no explicit requirement to exhaust administrative remedies for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). Exhaustion is not required when it would not promote these goals, such as when it would be futile. *See, e.g.*, *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005).

Here, Ridgeway appears to argue that he does not "have the time" to proceed through the administrative process because his release date is imminent. Courts have consistently found that this argument does not justify a futility exception. *See, e.g.*, *Rodriguez v. Sage*, No. 1:22-CV-2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (courts have "repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date") (listing cases); *Brown v. Sage*, No. CV 3:22-0325, 2022 WL 1295414, at *2 (M.D. Pa. Apr. 29, 2022) (same); *see also Wofford v. Spaulding*, No. 4:22-CV-01862, 2023 WL 2486590, at *2 (M.D. Pa. Feb. 10, 2023) ("the BOP must first be given an opportunity to apply its expertise and to correct, if necessary, any mistakes it has made" in calculating FSA time credits). Further, Ridgeway's argument that he is entitled to release based on time credits does not "challeng[e] the legality of BOP regulations or present[] an issue of statutory construction that might justify excusing him from the exhaustion

requirement." See *Meadows v. Warden, FCI-Allenwood Low*, No. 3:24-CV-952, 2024 WL 3871810, at *2 (M.D. Pa. Aug. 19, 2024).

The fact that various members of the prison staff informally gave him different explanations about his release also does not show that exhaustion would be futile. To the contrary, the fact that Ridgeway "does not appear to know why the BOP has refused to apply the FSA credits at issue . . . shows the need" for him to seek a clear answer at the administrative level, to develop a factual record. *Sanchez-Leyva v. Knight*, No. CV 23-3606 (CPO), 2023 WL 5369908, at *2 (D.N.J. Aug. 22, 2023); *see also Moore v. Hutchinson*, No. 1:23-CV-52, 2023 WL 8545280, at *3 (W.D. Pa. Dec. 11, 2023).

Ridgeway cites to a case in which a petitioner asserted his right to immediate release and the court found that exhaustion of remedies would be futile. *See Woodley v. Warden, USP Leavenworth*, No. 24-3053-JWL, 2024 WL 2260904 (D. Kan. May 15, 2024). However, in that case, the petitioner followed the instructions of BOP personnel by submitting a grievance directly to the regional office, which considered and rejected his claim. The court reaffirmed that "the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits." *See Woodley*, 2024 WL 2260904, at *1.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the petition for writ of *habeas corpus* without prejudice. An appropriate Order shall issue.

Dated: October 23, 2024  
*s/ Karoline Mehalchick*  
**KAROLINE MEHALCHICK**  
**United States District Judge**